UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO SALCIDO, <br><br>    Plaintiff, <br><br>  v. <br><br> G. UGWEZE, *et al.*, <br><br>    Defendants. | Case No. 1:25-cv-01312-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION TO RESPOND TO SCREENING ORDER; AND <br><br> ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT PRO BONO COUNSEL <br><br> (ECF Nos. 9, 10) |

Plaintiff Sixto Salcido is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1, 7).

Now before the Court are three motions: (1) Plaintiff's motion to appoint pro bono counsel (ECF No. 9); (2) Plaintiff's second motion to appoint pro bono counsel (ECF No. 10); and (3) within his second motion to appoint counsel, a motion for a 30-day extension of time (ECF No. 10) to respond to the Screening Order.

**I.    MOTIONS TO APPOINT PRO BONO COUNSEL**

On March 12, 2026, Plaintiff filed a motion to appoint pro bono counsel. (ECF No. 9). Plaintiff states that numerous physicians and specialists recommended he take gabapentin for "serious chronic health issues," and Plaintiffs asks the Court to appoint him counsel to assist in "investigat[ing] this issue." (*Id.* at 1). Plaintiff states that he does not "write/speak/understand 100% the English language." (*Id.*) Plaintiff attaches a 2007 cover letter from his former attorney and a "transcript" of her appearance at the Ninth Circuit, which appears to argue for a reversal of

1

a summary judgment against the Plaintiff on claims of withholding pain medication. (*Id.* at 2-8). Plaintiff also attaches a 602 grievance form that he filed in 2023, with the assistance of another inmate, seeking to be removed from certain education courses due to physical pain and "medical disabilities." (*Id.* at 9-15).

On March 30, 2026, Plaintiff filed a second motion to appoint pro bono counsel. (ECF No. 10). He states that he does not have "somebody to help me with this" and "that's why I ask this Court for an attorney at law (pro bono)." (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. Accordingly, the Court will deny Plaintiff's motion to appoint pro bono counsel.

## II. MOTION FOR EXTENSION OF TIME TO RESPOND TO SCREENING ORDER

Next, in his second motion to appoint counsel, Plaintiff includes a general request for a 30-day extension "to answer this deadline in this case." (ECF No. 10 at 1). While Plaintiff is not specific, in reviewing the docket, the only pending deadline is a response to the Court's Screening Order issued on February 27, 2026. (ECF No. 8).

Upon consideration, the Court GRANTS Plaintiff's request for a 30-day extension. Plaintiff must file his response to the Screening Order **no later than April 27, 2026**.

Additionally, the Court notes that the legal standard for deliberate indifference to Plaintiff's medical needs was set forth in the Court's Screening Order (*Id.*) In preparing his response, Plaintiff does not need to identify the defendants by name. It is enough for him to identify the defendants as "Doe #1, Doe #2" etc., along with their description, such as their job title and the approximate date when they consulted with Plaintiff and what defendants said or did that Plaintiff believes constitutes deliberate indifference to his medical needs.

## III.  CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1.  Plaintiff's motions to appoint pro bono counsel are DENIED. (ECF No. 9, 10).

2.  Plaintiff's motion for extension of time to respond to the Screening Order is GRANTED. (ECF No. 10). Plaintiff must file his response to the Screening Order **no later than April 27, 2026**.

IT IS SO ORDERED.

Dated:    **March 24, 2026**                    /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE

3