UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO SALCIDO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. UGWEZE, et al.,<br><br>　　　　　Defendants. | 1:25-cv-01312-EPG (PC)<br><br>ORDER PERMITTING PLAINTIFF TO PROCEED ON CLAIMS AGAINST DEFENDANTS G. UGWEZE AND OBERST FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT<br><br>(ECF No. 14)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET |

Plaintiff Sixto Salcido is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1, 7). Plaintiff's first amended complaint sues Defendants G. Ugweze and Oberst and alleges that his constitutional rights were violated because he was denied his long-time Gabapentin prescription.

The Court screened Plaintiff's initial complaint on February 27, 2026, concluding that he failed to state any cognizable claims. (ECF No. 8). The Court provided Plaintiff with relevant legal standards, explained the deficiencies in the complaint, and gave him thirty days (with a later extension) to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (ECF Nos. 8, 11).

On April 20, 2026, Plaintiff filed his first amended complaint, which is now before the

Court on screening. (ECF No. 14). For the reasons given below, the Court will permit Plaintiff to proceed on his claims that Defendant G. Ugweze and Oberst were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding in forma pauperis, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 7).

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Plaintiff alleges that the events at issue occurred at California Substance Abuse Treatment Facility (CSATF) and sues (1) G. Ugweze, the Chief Medical Executive at CSATF; and (2) D. Oberst,[2] a doctor at CSATF. (ECF No. 14, pp. 2–3).

Plaintiff brings a single claim, alleging as follows:

> On April 11, 2025, I was discharged from the CTC clinic at CSATF and had already a prescription for Gabapentin with Tramadol for my physical and neuropathic pain that I have due to gun shot wounds that left me with chronic ailments. On May 11, 2025, medicine Gabapentin expired. I informed the LVN and RN the situation and ask[ed] the Dr. Oberst to renew the prescription of Gabapentin. Dr. Oberst told me that he will submit the recommendation [for] his bosses approval. I explain Dr. Oberst my GSW and reconstructed surgeries in my face, neck. I explained the situation and that a neurosurgeon specialist from UC-Davis recommend Gabapentin since 2004 with positive results during day time for my chronic pain. I also informed him that other specialist neurosurgeons had recommended in 2008, and the Kern County Neurology Medical Group had as well in 2010, over 19 years I was taking Gabapentin for neuropathic pain. Furthermore, the CDCR had approved and prescribed this medicine as I mentioned for over 19 years. My UHR contains all those

---

[1] For readability, minor alterations, such as changing punctuation and capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] Given the spelling of Defendant's name as "Oberst" in the first amended complaint, the Court will direct the Clerk of Court to use this spelling rather than "Obert," which is currently listed on the docket.

recommendations due to my complex medical condition. Due to expanding bullet wounds my neck was reconstructed affecting me in a lot of ways. I asked Dr. Oberst to please consider my medical condition and take into account the specialists' recommendations and from the institution that has recommended the use of the medication in my particular case. Dr. Oberst told me he would submit the request for approval by his superiors. His request was not approved.

(*Id.* at 3–4).

As for relief, Plaintiff asks that his Gabapentin prescription be renewed for the rest of his life in prison along with Tramadol. (*Id.* at 5).

### III.    ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's allegations implicate a claim for deliberate indifference to serious medical needs based on Defendants' failure to renew his Gabapentin prescription.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between

medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (internal quotation marks and citation omitted).

With these standards in mind, Plaintiff alleges that, after his long-time Gabapentin prescription expired, he asked Dr. Oberst to renew it, explaining that it had helped him with his chronic pain and had been recommended by other medical professionals. (ECF No. 1, pp. 3–4). However, Dr. Oberst denied his request without a medical reason to do so.  Additionally, Dr. Oberst indicated that his superiors had directed him to deny the request.  Although Dr. Oberst did not name the person who gave that direction, Plaintiff identifies Defendant G. Ugweze as the Chief Medical Executive at CSATF.

Liberally construing the allegations in the complaint for purposes of screening, the Court will permit Plaintiff to proceed on his claims that Defendant G. Ugweze and Oberst were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

IV.    **CONCLUSION AND ORDER**

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall revise the docket to change Defendant "Obert" to "Oberst."

2. This case shall proceed on Plaintiff's claims that Defendant G. Ugweze and Oberst were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

3. As the Court has concluded that Plaintiff sufficiently states a claim for all of the claims raised in his complaint, the Court will issue an order regarding service of the complaint in due course.

IT IS SO ORDERED.

Dated:    **May 5, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE