UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SIXTO SALCIDO,

Plaintiff,

v.

G. UGWEZE, et al.,

Defendants.

Case No. 1:25-cv-01312-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT:

1) PLAINTIFF'S MOTION TO BE TRANSFERRED TO "ANOTHER INSTITUTION OUT OF THIS COUNTY" BE DENIED

(ECF No. 21)

2) PLAINTIFF'S SECOND MOTION TO BE TRANSFERRED TO "ANOTHER MEDICAL FACILITY OR/AND INSTITUTION" BE DENIED

(ECF No. 28)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Sixto Salcido is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently proceeding on his claims for deliberate indifference to serious medical needs after Defendants refused to renew a prescription for Gabapentin and Tramadol, which are used for pain management.

Before the Court is Plaintiff's motion to be transferred to "another institution out of this County" (ECF No. 21) and second motion to transfer to "another medical facility or/and

institution" (ECF No. 28). In his motions for transfer, Plaintiff seeks to move from the California Substance Abuse Treatment Facility ("CSATF") where he is currently incarcerated to "Donovan State Prison [as] the closest Medical Facility to my family." (ECF No. 28 at 1-2). Plaintiff states that he wants to transfer because he has an "infection in his private areas" and needs a catheter installation for urinary incontinence. (ECF No. 21 at 2). Plaintiff also seeks a transfer because he believes he has "the right to be transferred to another Medical Facility or/and Institution that wants to give what I need as a chronic sick person." (ECF No. 28 at 1).

As explained below, the Court will recommend that Plaintiff's motions be denied.

## I. BACKGROUND

### A. Plaintiff's Claims in the Case[1]

On April 20, 2026, Plaintiff filed his First Amended Complaint, which is the operative complaint. (ECF No. 14). Plaintiff's First Amended Complaint alleges that he was shot with a gun nearly twenty years ago and required reconstructive surgery on his face and neck. (*Id.* at 3-4). In 2004, he was prescribed Gabapentin for chronic pain and continued taking the medicine until May 2025 when his prescription expired. (*Id.*).

Plaintiff asked Defendant Oberst, CSATF physician, to renew his prescription for Gabapentin and Tramadol, and Dr. Oberst told him that he would submit the recommendation for "his boss' approval." (*Id.*). However, Dr. Oberst's request was not approved. (*Id.*).

Although Dr. Oberst did not name the person who directed him to refuse the renewal, Plaintiff identifies Defendant G. Ugweze as the Chief Medical Executive at CSATF. (*Id.*).

Based on these allegations, Plaintiff is proceeding on his claims under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Oberst and Ugweze for refusing to renew his Gabapentin and Tramadol prescription. (ECF No. 15). Plaintiff seeks a Court order that his Gabapentin prescription be renewed for the rest of his life in prison along with Tramadol. (ECF No. 14 at 5).

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations throughout without indicating each change.

## II. PLAINTIFF'S MOTIONS TO TRANSFER

Before the Court are two motions in which Plaintiff asks the Court to order prison officials, who are not defendants in this case, to take action unrelated to the pending claims in this case.

### A. Motion to be Transferred to Another Institution Out of the County

Plaintiff filed his motion to be transferred to "another institution out of this County" on July 7, 2026. (ECF No. 21). Plaintiff states that he has requested a catheter installation for urinary incontinence but has been denied. Plaintiff argues that "[d]ue to all the physical medical problems and the serious infection that right now I have in my private areas," he should be transferred to another medical facility. (*Id.* at 2).

Plaintiff attaches certain documents to the motion because he is concerned the documents will disappear or not be processed, including an Inmate Request for Interview form written in Spanish, a healthcare grievance form requesting his prescription for Gabapentin be renewed, several other healthcare grievances written in Spanish, 1996 surgery records for the gunshot wound, and completion certificates for several programs while incarcerated. (*Id.* at 3-40).

### B. Second Motion to Transfer

On August 3, 2026, Plaintiff filed a second motion to transfer out of CSATF because he has "the right to be transferred to another medical facility or/and institution that wants to give what I need as a chronic sick person." (ECF No. 28 at 1). He states generally that he has filed various grievances for issues including CSATF's refusal to 1) renew his Gabapentin prescription, 2) place a catheter to prevent incontinence, 3) provide him with a copy of his dental, psychological, and medical records, and 4) assign him to an institution closer to his home. (*Id.* at 1-2). Plaintiff also states that psychologists and psychiatrists are manipulating the California Department of Corrections and Rehabilitation ("CDCR") system to falsify reports in his records. (*Id.* at 1-2). Plaintiff requests an order that he be moved to Donovan State Prison since it is the closest medical facility to his family. (*Id.* at 2).

\\\

In support of his motion, Plaintiff attaches a Reasonable Accommodation Panel Response from 2023 regarding Plaintiff's request for a different type of wheelchair. (*Id.* at 4). He also attaches an incomplete and undated grievance / reasonable accommodation request form regarding a transfer to a facility closer to Plaintiff's home.[2] (*Id.* at 5).

### C. Defendants' Opposition

In their opposition to Plaintiff's first motion to transfer, Defendants argue that the Court lacks jurisdiction to grant the requested transfer. (ECF No. 26 at 1). Defendants note that they are physicians who do not have authority to transfer Plaintiff to another facility, and Plaintiff did not name the CDCR as a defendant. (*Id.* at 1, 4). As such, Defendants argue that the Court lacks personal jurisdiction over CSATF staff who could provide Plaintiff with the possibility of a transfer to another facility. (*Id.* at 1-2).

Defendants also argue that the Court lacks subject matter jurisdiction because "this lawsuit involves Defendants' alleged failure to provide Plaintiff with his preferred pain relief for an old gunshot wound—Gabapentin—on May 11, 2025, not CDCR's responses to grievances from 2024, a possible current groin infection, or a urinary tract catheter." (*Id.* at 2).

In their brief in opposition to Plaintiff's second motion to transfer, Defendants construed the second motion as a reply to his first motion to transfer and state that Plaintiff's motion for preliminary injunction should be denied.

## III. LEGAL STANDARD

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

\\\

[2] Because the grievance / accommodation request form is incomplete, the Court cannot determine if the form was actually submitted to the facility and if so, when it was submitted.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that analysis for a temporary restraining order and a preliminary injunction are "substantially identical"). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24.

The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.* (citation and quotation marks omitted)

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

**IV. ANALYSIS**

The Court will recommend that Plaintiff's motions be denied because he has not met the high burden for obtaining a preliminary injunction.

Plaintiff requests a transfer to another prison because he has a groin infection, wants CDCR to place a catheter for urinary incontinence, and believes he is entitled to be housed in a facility closer to his home. (ECF No. 21 at 1-2; ECF No. 28 at 2). These claims do not concern the renewal of his Gabapentin and Tramadol prescriptions for pain management or concern the individual Defendants in this case. Thus, Plaintiff's motions to transfer based on his acute

medical condition or his desire to be closer to his family do not meet the standards for preliminary injunctive relief.

As described above, a preliminary injunction must request that the Court grant relief of the same character as that which may be granted finally. In this case, Plaintiff is not seeking, and could not obtain, relief related to transferring prison facilities. Nor are Defendants – a healthcare executive and a doctor – responsible for the allegations surrounding Plaintiff's current groin infection, decision to place a catheter, or move Plaintiff closer to his family. Thus, there is not a sufficient nexus between the claims in the case related to Gabapentin and Plaintiff's motions to transfer.

Even if the Court were to construe Plaintiff's mention of a Gabapentin grievance as an argument for transfer (ECF No. 28 at 1), Plaintiff has not demonstrated, or even argued, that providers at CSATF are incapable of renewing his Gabapentin prescription. To the contrary, Plaintiff states that he has been housed at CSATF for over ten years and received Gabapentin until May of 2025. While Plaintiff requests a transfer to Donovan State Prison, his reason is unrelated to his Gabapentin prescription. Rather, it is closest medical facility to his family, and CSATF has repeatedly denied a voluntary transfer. (ECF No. 28 at 1-2).

As such, the Court does not find that Plaintiff has met his high burden of proving that he is entitled to a preliminary injunction.

## V. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion to be transferred to "another institution out of this County" (ECF No. 21) be DENIED; and
2. Plaintiff's second motion to transfer to "another medical facility or/and institution" (ECF No. 28) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." **Objections, if there are any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 15, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE