**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIXTO SALCIDO,<br><br>Plaintiff,<br><br>v.<br><br>G. UGWEZE, et al.,<br><br>Defendants. | Case No. 1:25-cv-01312 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTIONS FOR TRANSFER<br><br>(Docs. 21, 28, 34) |

Sixto Salcido asserts the defendants violated his rights under the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs, based upon Defendants' refusal to renew prescriptions for Gabapentin and Tramadol, which Plaintiff used for pain management. (*See* Docs. 14, 15.) Plaintiff is currently housed at the California Substance Abuse Treatment Facility, and he requests that the Court order his transfer to a different institution, in a different county. (Docs. 21, 28.)

The magistrate judge noted that "Plaintiff requests a transfer to another prison because he has a groin infection, wants CDCR to place a catheter for urinary incontinence, and believes he is entitled to be housed in a facility closer to his home." (Doc. 34 at 5, citing Doc. 21 at 1-2, Doc. 28 at 2.) The magistrate judge noted these bases for Plaintiff's requests do not concern either the named defendants in this case or the claim on which he proceeds, and found there was "not a sufficient nexus between the claims in the case related to Gabapentin and Plaintiff's motions to

transfer." (*Id.* at 6.) The magistrate judge determined Plaintiff failed to satisfy the "high burden" required for injunctive relief. (*Id.*) Therefore, the magistrate judge recommended the Court deny Plaintiff's motions for transfer. (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 35.) Plaintiff maintains that he should be transferred from CSATF, asserting that he does not trust the medical staff at the facility. (*Id.* at 1-2.) Plaintiff indicates that while in the custody of the CDCR for 29 years, he has not assaulted anyone or been a threat to anyone in the community, and he spent his time on a yard crew, as a kitchen worker, porter, and student. (*Id.* at 2.) However, Plaintiff does not address the specific findings of the magistrate judge related to the lack of a nexus between his complaint and the injunctive relief requested. Consequently, Plaintiff does not show any error by the magistrate judge in his objections.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Moreover, the Court notes that inmates do not have a constitutional right to be incarcerated at a particular correctional facility, or to be transferred from one facility to another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued October 15, 2026 (Doc. 34) are **ADOPTED** in full.
2. Plaintiff's motions for transfer (Docs. 21, 28) are **DENIED**.

IT IS SO ORDERED.

Dated: November 9, 2026

UNITED STATES DISTRICT JUDGE